## STOVALL v. BURNS & ROE, Inc.

No. 5289.

Circuit Court of Appeals, Fourth Circuit.

Oct. 17, 1944.

Louis B. Fine, of Norfolk, Va., for appellant.

Walkley E. Johnson, Asst. U. S. Atty., of Newport News, Va. (Harry H. Holt, Jr., U. S. Atty., and C. J. Collins, Sp. Asst. to the U. S. Atty., both of Norfolk, Va., on the brief), for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action to recover damages for libel. The libel was alleged to consist in the designation of plaintiff as a "striker" on the discharge slip filed when he was discharged with others for the part that he had taken in quitting work and joining them in asking the management for an increase of wages. The case was tried before a jury and no exceptions were taken to the testimony or to the charge of the court, which submitted to the jury questions as to the truth of the alleged libelous language and as to the privilege asserted by defendant as his employer. After the jury had considered the case for some time, it returned to the court room and requested additional instructions as to the burden of proof. The court gave these instructions to which no exception was taken. One of the jurors volunteered that the judge could help the jury if he would define "striker" for them. The judge explained that whether plaintiff was to be considered a "striker" or not was a question of fact to be determined by the jury. Counsel for plaintiff then moved the court to instruct the jury, as a matter of law, that the plaintiff had not engaged in a strike. The court declined to do this, and plaintiff entered the only exception in the entire trial that is called to our attention.

All of the questions in the case were fully and fairly submitted to the jury, without intimation from the judge as to how they should be decided; and it is to be noted that the plaintiff was quite willing to submit the question as to whether he was a striker or not as a question of fact under the general charge, until the remark of the juror above noted. Whether the plaintiff was entitled to such an instruction or not, we need not decide, since we cannot say upon the record that the refusal of the judge to give it was prejudicial error. Even if the jury had been told that what was done did not technically constitute a strike, it would not follow that the statement complained of was libelous, since the employer might reasonably have regarded plaintiff as a striker and so described him in an interdepartmental communication, which would be privileged if made in good faith. The questions bearing upon the defense of privilege were properly submitted to the jury in the charge of the court to which no exception was taken, and we do not think that the requested charge would have affected the result. The verdict impresses us as being correct and as being what could be expected if the case were again tried.

Affirmed.